**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

TARAS P. NYKORIAK,

          Plaintiff,

v.

EXPERIAN,

          Defendant.

Case No. 2:08-cv-15024
Hon. John Corbet O'Meara
Mag. Judge R. Steven Whalen

| | |
|---|---|
| Taras P. Nykoriak (In Pro Se)<br>12147 McDougall<br>Hamtramck, Michigan 48212<br>(248) 990-3574 | Sidney L. Frank (P13637)<br>Tamara E. Fraser (P51997)<br>Frank, Haron, Weiner and Navarro<br>Attorneys for Defendant<br>5435 Corporate Drive, Suite 225<br>Troy, Michigan 48098<br>(248) 952-0400 |

## STIPULATED PROTECTIVE ORDER

IT IS HEREBY STIPULATED by and between Plaintiff Taras Nykoriak ("Plaintiff") acting in pro per and Defendant Experian Information Solutions, Inc. ("Experian"), through its attorney of record, as follows:

WHEREAS, documents and information have been and may be sought, produced or exhibited by and between the parties to this action relating to trade secrets, confidential research, development, technology or other proprietary information belonging to the defendants and/or personal income, credit and other confidential information of Plaintiff.

THEREFORE, an Order of this Court protecting such confidential information shall be and hereby is made by this Court on the following terms:

1.      This Order shall govern the use, handling and disclosure of all documents, testimony or information produced or given in this action which are designated to be subject to this Order in accordance with the terms hereof.

2.      Any party or non-party producing or filing documents or other materials in this action

may designate such materials and the information contained therein subject to this Order by typing or stamping on the front of the document, or on the portion(s) of the document for which confidential treatment is designated, "Confidential."

3. To the extent any motions, briefs, pleadings, deposition transcripts, or other papers to be filed with the Court incorporate documents or information subject to this Order, the party filing such papers shall designate such materials, or portions thereof, as "Confidential," and shall file them with the clerk under seal; provided, however, that a copy of such filing having the confidential information deleted therefrom may be made part of the public record.

4. All documents, transcripts, or other materials subject to this Order, and all information derived therefrom (including, but not limited to, all testimony, deposition, or otherwise, that refers, reflects or otherwise discusses any information designated Confidential hereunder), shall not be used, directly or indirectly, by any person, including the other defendants, for any business, commercial or competitive purposes or for any purpose whatsoever other than solely for the preparation and trial of this action in accordance with the provisions of this Order.

5. Except with the prior written consent of the individual or entity asserting confidential treatment, or pursuant to prior Order after notice, any document, transcript or pleading given confidential treatment under this Order, and any information contained in, or derived from any such materials (including but not limited to, all deposition testimony that refers, reflects or otherwise discusses any information designated confidential hereunder) may not be disclosed other than in accordance with this Order and may not be disclosed to any person other than: (a) the Court and its officers; (b) parties to this litigation; (c) counsel for the parties, whether retained counsel or in-house counsel and employees of counsel assigned to assist such counsel in the preparation of this litigation; (d) fact witnesses subject to a proffer to the Court or a stipulation of the parties that such witnesses need to know such information; and (e) present or former employees of the producing party in

connection with their depositions in this action (provided that no former employees shall be shown documents prepared after the date of his or her departure).

6. All persons receiving any or all documents produced pursuant to this Order shall be advised of their confidential nature. All persons to whom confidential information and/or documents are disclosed are hereby enjoined from disclosing same to any other person except as provided herein, and are further enjoined from using same except in the preparation for and trial of the above-captioned action between the named parties thereto. No person receiving or reviewing such confidential documents, information or transcript shall disseminate or disclose them to any person other than those described above in Paragraph 5 and for the purposes specified, and in no event shall such person make any other use of such document or transcript.

7. Nothing in this Order shall prevent a party from using at trial any information or materials designated "Confidential."

8. This Order has been agreed to by the parties to facilitate discovery and the production of relevant evidence in this action. Neither the entry of this Order, nor the designation of any information, document, or the like as "Confidential," nor the failure to make such designation, shall constitute evidence with respect to any issue in this action.

9. Within sixty (60) days after the final termination of this litigation, all documents, transcripts, or other materials afforded confidential treatment pursuant to this Order, including any extracts, summaries or compilations taken therefrom, but excluding any materials which in the good faith judgment of counsel are work product materials, shall be returned to the individual or entity having produced or furnished same or be destroyed.

10. Nothing herein shall affect or restrict the rights of any party with respect to its own documents or to the information obtained or developed independently of documents, transcripts and materials afforded confidential treatment pursuant to this Order.

Dated: February ____, 2009         s/with consent of Taras Nykoriak
                                                      Taras Nykoriak (In Pro Per)


Dated: February____, 2009          s/Tamara E. Fraser
                                                      Tamara E. Fraser (P51997)
                                                      Attorney for Defendant Experian Information
                                                       Solutions, Inc.
                                                      248-952-0400


SO ORDERED.


Date: February 27, 2009                    s/John Corbett O'Meara
                                                             United States District Judge